# Day, Berry & Howard LLP
COUNSELLORS AT LAW

RECEIVED

2003 OCT -6 A 9: 23

CHAMBERS JANET C. HALL
U.S. DISTRICT JUDGE

Charles W. Fortune
Direct Dial: (860) 275-0195
E-mail: cwfortune@dbh.com

October 3, 2003

**VIA OVERNIGHT DELIVERY**

The Honorable Janet C. Hall
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT  06604

  Re: United Technologies Corporation vs. Parker Hannifin Corporation, Civil Action
     No. 3:03cv1007 (JCH)

Dear Judge Hall:

  We represent the plaintiff in the above-captioned case. We are in receipt of a notice scheduling oral argument on the defendant's Motion for Leave to Serve Third Party Complaint for October 15, 2003. We write to ask that the Court also schedule for that date a Rule 16 conference to discuss the avoidance of potentially unnecessary motion practice and the referral of this case to a Magistrate Judge for the purpose of facilitating settlement.

  By way of background, the underlying contract between the plaintiff and the defendant mandates that all warranty disputes be resolved through specified ADR procedures. (A copy of the relevant contract provisions is attached as Exhibit A). That process begins with meetings between the parties to try and settle the claims, followed by a non-binding mediation and concludes with a binding mini-trial if all other attempts at settlement have failed. These procedures evidence the intent of the parties in entering into the contract to resolve disputes as efficiently and expeditiously as possible. Accordingly, each step of the process is subject to very tight deadlines.

  Pursuant to these provisions, the plaintiff has initiated the ADR process with respect to its breach of warranty claims against the defendant. There is substantial overlap between these claims and the indemnification and negligence claims in the present case. Indeed, they are based upon the same underlying facts, namely the crash of two Korean jet fighters in August and September of 1997 as a consequence of burst fuel hoses manufactured by the defendants and the expenses incurred by the plaintiff as a consequence of these events. The ADR process has proceeded through settlement discussions by executive level representatives of the parties, which were unsuccessful, and the parties are now obligated to mediate the warranty claims. Because the warranty, indemnity and negligence claims arise from the same facts, and because resolution of

Day, Berry & Howard LLP

The Honorable Janet C. Hall
October 3, 2003
Page 2

the warranty claims might very well resolve the entire dispute between the parties, counsel for the plaintiff suggested during the Rule 26 conference that the parties seek an early referral to a Magistrate Judge for a settlement conference and agree that such a conference would satisfy the mediation requirement of the ADR procedures. Unfortunately, counsel for the defendant rejected this approach. Of greater concern is the fact that counsel for the defendant will not even respond to letters from counsel for the plaintiff subsequent to the Rule 26 conference regarding the selection of a mediator. (Copies of unanswered letters from counsel for the plaintiff to counsel for the defendant are attached as Exhibit B).

      This leaves the plaintiff with no alternative but to engage in additional motion practice or litigation to compel the defendant to comply with the contractual ADR procedures and to stay this case until that process has run its course. Rather than spend the time and money involved with such an approach, however, which is wholly inconsistent with the letter and spirit of the contract between the parties, the plaintiff respectfully requests that the Court exercise its discretion under Rule 16 to direct the parties to meet with a Magistrate Judge and try to resolve all outstanding claims and further encourage the parties to agree that such a meeting satisfies the mediation requirement in the ADR process. It is respectfully submitted that such an approach creates the best prospects for an early and cost effective resolution of this entire dispute while avoiding unnecessary motion practice and assuring that the parties are abiding by their contractual obligations.

      Thank you for your attention to this matter.

Very truly yours,

Charles W. Fortune

DMB

cc:   All counsel of record

WARRANTY CLAIMS

ALTERNATE DISPUTE RESOLUTION PROCEDURES

The following dispute resolution procedures apply to any warranty claims between United and Supplier.

Any dispute or claim based on breach of warranty arising out of this order shall be resolved exclusively in accordance with the procedures set forth below. However, if either party fails to show good faith in complying with these procedures, any remedy otherwise available may be utilized.

| Step | Procedure |
|---|---|
| 1 | The parties will first attempt to resolve any warranty disputes or claims by discussion and negotiation between their respective representatives who normally have responsibility for such matters. If after reasonable efforts have been made to resolve the dispute or claim in this manner either United or Supplier wishes to utilize the procedures set forth below, it shall provide written notice to the other describing the dispute or claim, the efforts that have taken place to resolve the matter in the normal course of business, its wish to utilize these dispute resolution procedures and its current assessments of the major issues that must be resolved. |
| 2 | Within thirty (30) days of receipt of the notice under step 1, each party will have executive level representatives meet to discuss settlement of the dispute. These executive level representatives shall be persons at a level higher than the representatives who have previously met under step 1. If such representatives are unable to resolve the dispute within sixty (60) days of step 1 notice (or any other time period mutually agreed to), the parties will proceed to the next step of the procedure. |
| 3 | The parties will jointly request that an Alternate Dispute Resolution firm or agency (ADR firm) provide a mediator to work with them to resolve the dispute. The mediator appointed by the ADR firm shall have a background in the subject matter of the dispute and may be rejected by the parties only for bias. The mediator shall have sixty (60) days from the time of appointment to meet with the parties and help them resolve the dispute, unless the parties mutually consent to an extension of the deadline. The fees and expenses of the mediator and the ADR firm shall be borne by the parties equally. |
| 4 | If the dispute is not resolved by mediation, the parties agree to resolve the dispute by a binding mini-trial which must commence within six (6) months from the conclusion of the mediation. |
| 5 | The binding mini-trial shall be conducted before a panel composed of two experts and an extrajudicial officer. The extrajudicial officer shall be selected by the ADR firm. Within sixty (60) days of the conclusion of mediation, each party shall submit to the ADR firm the names of three persons expert in the subject matter of the dispute. Proposed panelists may not be current or former employees of a party or of the party's law firm and may not have worked for a party in any capacity with respect to the subject matter in dispute. The ADR firm will select one panelist from each party's list. |
| 6 | Within sixty (60) days of the conclusion of mediation, the parties shall agree on the ground rules which will govern the conduct of the parties before and during the mini-trial. The ground rules shall include: |

    (a) A schedule for the exchange of documents, including all existing technical reports, and a schedule for the submission of position statements summarizing each party's respective position on the dispute;

    (b) A schedule for discovery necessary to prepare for the mini-trial, if any is required;

    (c) The format of the mini-trial, including the presentation of expert testimony and testimony from fact witnesses; and

    (d) The location and duration of the mini-trial.

| | |
|---|---|
| 7 | The fees and expenses of the mini-trial panelists and the mini-trial shall be apportioned equally to each party. Members of the panel will be instructed to treat the subject matter of the proceedings as confidential and refrain from disclosing to third parties any of the information or documents exchanged. |
| 8 | The panel shall decide the matter based on majority vote. The decision of the panel shall be binding on all parties without the right of appeal. In the event that the panel decides that a payment is due, payment of that sum, plus interest at the Connecticut statutory rate from the date damages were incurred, shall be made not later than thirty (30) days after the panel's decision. |
| 9 | Whenever the provisions of sets 1-8 of this procedure require that the parties reach an agreement and they are unable to agree, either party may submit the disagreement to the ADR firm which shall render a binding decision on the disagreement. The ADR firm shall also resolve any dispute with respect to compliance with the provisions of steps 1-8 of this procedure. |

1559C

# Day, Berry & Howard LLP
COUNSELLORS AT LAW

Charles W. Fortune
Direct Dial: (860) 275-0195
E-mail: cwfortune@dbh.com

September 5, 2003

**VIA FACSIMILE**

David C. McGovern, Esq.
Kern and Wooley LLP
10900 Wilshire Boulevard
Los Angeles, CA  90024-6501

Re:  Proposed Mediation Firms

Dear David:

In accordance with the Alternate Dispute Resolution procedures set forth in the contract between Pratt and Stratoflex, we write to propose three different Alternate Dispute Resolution firms to which we would be willing to refer this matter for mediation. They are: JAMS, Resolutions, LLC and Mediation Consultants, LLC. We assume that you are familiar with JAMS as it has a national practice with a very strong presence on the West Coast. We would recommend either Michael Young or David Geronemus at JAMS who have had a lot of success resolving disputes our firm has been involved with in the past. Resolutions, LLC is a mediation firm headed by Professor Eric D. Green of the Boston University School of Law. Professor Green is widely recognized as a leader in the field of mediation. He was a founder of a mediation firm called Endispute which merged for a time with JAMS at which time the organization was known as JAMS/Endispute. He has also been a member of the Center of Public Resources Institute of Dispute Resolution since its inception. Mediation Consultants, LLC, is a Connecticut-based mediation service headed up by two retired federal judges, Honorable Robert C. Zampano and Honorable F. Owen Eagan, both of whom had reputations as among the most effective case settlers on the federal bench in Connecticut. As mediators, they have resolved a number of complex disputes including, most recently, all of the claims arising from the fatal crash of the military aircraft which was transporting former Commerce Secretary Ronald Brown and others in Croatia. In the interest of full disclosure, I should point out that my partner, Robert Brooks, whom you have met, has recently been appointed to the panel of mediators for Mediation Consultants, LLC. Given the fact that this is a non-binding mediation, however, we think this should be of little consequence. Complete bios for Messrs. Young, Geronemus and Green can be found on the internet. We enclose copies of curriculum vitae for Judges Zampano and Eagan.

Day, Berry & Howard LLP

David C. McGovern, Esq.
July 30, 2003
Page 2

    Please let me know at your earliest convenience if you object to using any of these mediation firms. We would also be happy to consider any other mediation firms you would like to propose. In either event, we are determined to move the mediation process forward expeditiously as we are both contractually bound to do.

                                  Very truly yours,

                                  Charles W. Fortune

CWF/mls

```
                    ********************
                    ***   TX REPORT   ***
                    ********************

    TRANSMISSION OK

    TX/RX NO                   3052
    CONNECTION TEL                              913108240892
    CONNECTION ID
    ST. TIME                   09/05 16:33
    USAGE T                    01'04
    PGS. SENT                      8
    RESULT                     OK
```

FaxID: 35480

Time In                                                                Time Delivered

# FAX TRANSMISSION

Day, Berry & Howard LLP

CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
Fax: (860) 275-0343

| From: | Charles W. Fortune | Phone #: | (860) 275-0195 |
|---|---|---|---|
| Date: | September 05, 2003 | Pages: | 8   page(s), including cover page |
| Subject: | | | |

| NAME | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| David C. McGovern Esq. | Kern and Wooley LLP | (310) 824-0892 | (310) 824-1777 |

**MEMO**

---

If there is any problem during transmission
please call
(860) 275-0344

*This Facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Rev. 9/10/01
TimeKeeper No.     457                         Client/Matter No.    073130--00280
Fax Dept: Domestic (15) #pgs. ___; Inter. (16) ___; Service (18) ___    Return To:   Charles W. Fortune

# Day, Berry & Howard LLP
COUNSELLORS AT LAW

Charles W. Fortune
Direct Dial: (860) 275-0195
E-mail: cwfortune@dbh.com

September 17, 2003

**VIA FACSIMILE**

David C. McGovern, Esq.
Kern and Wooley LLP
10900 Wilshire Boulevard
Los Angeles, CA 90024-6501

    Re:    Stratoflex Flex Hose Claims
             Proposed Mediation Firms, Second Request

Dear David:

    We have not heard from you regarding my facsimile letter of September 5, 2003. Please let me know if you object to using any of the mediation firms listed in my letter or wish to propose other firms so that we can get this process moving. As you know, the parties are contractually bound to pursue mediation expeditiously. Failure to do so constitutes a breach of the agreement. If we do not hear from you shortly, we will have no choice but to explore our legal options. Please contact me at your earliest opportunity to avoid unnecessary additional litigation.

                                        Best regards,

                                        Charles W. Fortune

DMB

```
               ************************
               ***    TX REPORT      ***
               ************************

TRANSMISSION OK

TX/RX NO                    4868
CONNECTION TEL                              913108240892
CONNECTION ID
ST. TIME                    09/17 14:20
USAGE T                     00'26
PGS. SENT                   2
RESULT                      OK
```

FaxID: 35930

Time In                                                                Time Delivered

2003 SEP 17 P 2:16

# FAX TRANSMISSION

Day, Berry & Howard LLP

CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
Fax: (860) 275-0343

| | | | |
|---|---|---|---|
| **From:** | Charles W. Fortune | **Phone #:** | (860) 275-0195 |
| **Date:** | September 17, 2003 | **Pages:** | 2  page(s), including cover page |
| **Subject:** | Stratoflex Flex Hose Claims | | |

| NAME | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| David C. McGovern Esq. | Kern and Wooley LLP | (310) 824-0892 | (310) 824-1777 |

## MEMO

---

If there is any problem during transmission
please call
(860) 275-0344

*This Facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Rev. 9/10/01
TimeKeeper No.    457                            Client/Matter No.    073130--00280
Fax Dept: Domestic (15) #pgs. ___; Inter. (16) ___; Service (18) ___    Return To:    Charles W. Fortune