FACSIMILE (860) 246-9699

LAW OFFICES
**KERN AND WOOLEY LLP**
280 TRUMBULL STREET
HARTFORD, CT 06103
(860) 246-9700

FILED
2003 OCT 20 P 2: 23

CALIFORNIA
TEXAS
GEORGIA

October 9, 2003

**VIA OVERNIGHT DELIVERY**

The Honorable Janet C. Hall
United States District Court,
    District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT 06604

RECEIVED 2003 OCT -9 P 1:05
CHAMBERS JANET C. HALL
U.S. DISTRICT JUDGE

      Re:    *United Technologies v. Parker Hannifin Corp.*
             *Docket No. 303CB1007 (JCH)*

Dear Judge Hall:

      This office represents the defendant, Parker Hannifin Corporation, in connection with the above-referenced matter. Please note that this correspondence was necessitated by plaintiff's counsel's October 3, 2003, letter to Your Honor. It is also provided in anticipation of the Rule 16 Conference now scheduled for October 15, 2003, at 4:00 p.m.

      As a preliminary concern, we consider it inappropriate for plaintiff's counsel to have raised to the Court a number of points and "facts" addressed in his letter regarding private ADR. While our primary purpose here is to clarify misstatements and inaccuracies by plaintiff's counsel, we must go on record that we object to this communication and view it as an improper attempt to skew the Court's thinking on matters not currently before it. We categorically disagree with this approach. There has been no factual or legal determination of the respective rights and obligations of the parties under private ADR, and until private ADR is before the Court in the context of this litigation, we object to the plaintiff's comments and arguments regarding it. Moreover, the only substantive proceeding scheduled is oral argument on the defendant's Motion to Implead, set for October 15, 2003. Both sides have briefed the issues relative to this motion, and private ADR and other items discussed in plaintiff's counsel's letter are unrelated to the motion.

The Honorable Janet C. Hall
October 9, 2003
Page Two

We consider plaintiff's counsel's recitation of the "ADR process" an effort to cast the defendant in a poor light and to deflect those issues germane to this litigation. Moreover, plaintiff's counsel's comments regarding private ADR, as well as our client's willingness to mediate (before this Court or otherwise), are plainly incorrect, and we are forced to clarify the record in this regard.

The plaintiff is well aware that our client has repeatedly requested, and has been repeatedly denied, information in its possession and control regarding the roles of the Republic of Korea ("ROKAF") and Samsung Aerospace, entities intimately involved in, among other relevant activities, the assembly and installation of the aircraft engines in the Korean fighter jests that crashed in 1997. Plaintiff's counsel is also well aware that ROKAF and/or Samsung Aerospace denied our client access to such information during investigations after the 1997 mishaps. We have emphasized to the plaintiff that Parker Hannifin Corporation cannot be expected to agree to resolution of a multi-million dollar claim without being afforded fair and unimpeded access to relevant information regarding liability and causation. It would, therefore, be imprudent to agree to early mediation with this Court until we can discover information in that regard.

Further, the defendant has not been dilatory or uncooperative with respect to private ADR, as suggested by plaintiff's counsel. However, by filing the federal action, the plaintiff has forced the defendant to defend on two fronts, and if plaintiff's counsel is correct that there is "a substantial overlap between these [ADR] claims and the claims in the present case," the plaintiff's right to pursue a parallel court action is called into serious question. In fact, we have been analyzing this very issue, and have endeavored not to take steps the plaintiff may attempt to characterize as a waiver by the defendant of the right to challenge the plaintiff's concomitant pursuit of private ADR. Notwithstanding this point, it has been just over thirty days since plaintiff's counsel's first letter regarding selection of a mediator for private ADR. Moreover, if plaintiff's counsel wanted to ensure a speedy reply to his letters of September 5 and September 7, 2003 (regarding selection of mediators in the ADR), he could have copied or directed these letters to the defendant's local counsel of record (the undersigned), which was not done, instead of directing them to defendant's counsel from California, who cannot be expected to agree to Connecticut mediators posited by plaintiff's counsel. *See* Exhibits A and B to plaintiff's 10/3/03 letter.

Finally, the defendant is committed to a timely resolution of this matter. In that regard, the defendant would certainly consider early Court mediation if the plaintiff were to agree to cooperate with the defendant in disclosing all information in its possession

The Honorable Janet C. Hall
October 9, 2003
Page Three


and control, and to assist in obtaining such information from those entities. We will ask for the Court's help in this regard on October 15.

    Thank you for your attention to this matter.

                              Very truly yours,

                              Mark R. Giuliani

MRG/au
cc: All counsel of record
    James Baker, Esq.

*F:\Stratoflex - UTC\Correspondence\Judge Hall 10-8-03.wpd*