UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED TECHNOLOGIES CORP., | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3-03-cv-1007 (JCH) |
| v. | : | |
| | : | |
| PARKER HANNIFIN CORP., | : | DECEMBER 9, 2003 |
|     Defendant. | : | |

**RULING ON MOTION FOR LEAVE TO SERVE THIRD PARTY COMPLAINT**
**[DKT. NO. 9]**

Defendant, Parker Hannifin, asks this court for leave to serve its third party complaint on the Republic of Korea Air Force ("ROKAF") and Samsung Aerospace ("Samsung"), pursuant to Federal Rule of Civil Procedure 14(a). For the following reasons, the motion is granted.

**I.     BACKGROUND**

Plaintiff United Technologies Corporation ("UTC") is a Delaware corporation with its principle place of business in Hartford, Connecticut. UTC's subsidiary, Pratt & Whitney Group Manufacturing Operations ("Pratt"), designs and manufactures aircraft engines, gas turbines, and space propulsion systems. Defendant Parker Hannifin is an Ohio corporation with its principle place of business in Cleveland, Ohio.

In 1994, Parker Hannifin's Houston, Texas, subsidiary, Stratoflex, which manufactures flexible hoses used in the transport of air or fluids within jet aircraft engines, entered into an agreement with UTC, whereby Stratoflex would supply 100% of UTC's

1

requirements for 71 different types of flexhoses. Aircraft containing Stratoflex flexhoses were sold to ROKAF, two of which crashed on August 6, 1997, and September 18, 1997, respectively.

Pratt investigated the crashes and concluded that the use of Ivory Soap solution in the manufacture of the Stratoflex flexhoses was the cause. When the Korean government indicated its intentions to proceed with litigation, Pratt unsuccessfully attempted to get Stratoflex to assume responsibility for settlement negotiations or the defense of the claim. Pratt ultimately settled with the Korean government for $9.59 million dollars.

UTC brought this suit against Parker Hannifin in Connecticut Superior Court on May 7, 2003. Parker Hannifin removed the action on June 6, 2003, based on diversity of citizenship. On August 5, 2003, Parker Hannifin filed this motion for leave to bring in ROKAF and Samsung as third parties, alleging that ROKAF and Samsung "jointly undertook contractual and/or legal obligations/duties to store, assemble, install, maintain, inspect, repair, and operate the allegedly defective engines," and failed to follow proper procedures for carrying out these duties.

Parker Hannifin seeks to allege, against each proposed third-party defendant, claims for indemnification and for apportionment pursuant to Conn. Gen. Stat. § 52-572h. UTC opposes the addition of ROKAF and Samsung on a variety of grounds.

## II.   DISCUSSION

### A.   Rule 14 Standard

Rule 14 allows a defendant to assert claims against a third party who may be liable to the third-party plaintiff for all or part of the plaintiff's claim.  If the third-party plaintiff's claims are not asserted within 10 days of its answer to the original complaint, it must obtain leave of court in order to assert the claims.  Whether to permit the third-party claims is then within the sound discretion of the trial court.  Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979).  Rule 14 was designed to permit the "liberal joinder" of parties.  Olympic Corp. v. Societe Generale, 462 F.2d 376, 379 (2d Cir. 1972).  The general purpose of this rule was to save time and cost of reduplication of evidence, to obtain consistent results from identical evidence, and to do away with a handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant.  Dery v. Wyer, 265 F.2d 804, 806-7 (2d Cir. 1959).

When defendant asserts third-party claim against nonparty in diversity action, federal court must look to applicable state substantive law in order to determine if nonparty might be found liable to defendant for all or part of plaintiff's successfully asserted claim against defendant.  Columbus McKinnon Corp. v. China Semiconductor Co., Ltd., 867 F. Supp. 1173, 1177 (W.D.N.Y. 1994).  Also, "care must be taken to avoid prejudice to the plaintiff or third-party defendant."  Olympic Corp., 462 F.2d at 379.

This is a new case, and there is no evidence to suggest that Parker Hannifin deliberately delayed or was derelict in bringing its motion to implead less than two months after its answer was served, and less than three months after the complaint was filed. Moreover, the parties were simultaneously involved in Alternative Dispute Resolution on this same matter, which required the defendant's attention on that front as well.  Discovery is just beginning, and the third-party defendants will have an ample opportunity to protect their rights.  As a result, there is no prejudice to the plaintiff or to the proposed third-party defendants.

Nor will the addition of ROKAF or Samsung unduly complicate this matter.  To the contrary, it will lead to a more efficient adjudication of the already complicated issues regarding whether Parker Hannifin was indeed negligent and whether that negligence led to the accidents, or whether negligence from another sores was additionally responsible. The federal rules favor this type of thorough and complete adjudication.  See, e.g., Dery v. Wyer, 265 F.2d 804 (2d Cir. 1959); Old Republic Ins. Co. v. Concast, 99 F.R.D. 566, 569-70 (S.D.N.Y. 1983).

    **B.**    **Parker Hannifin's Claims**

UTC argues that Parker Hannifin's motion should be denied because ROKAF and Samsung are immune from liability pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605 ("FSIA").  Alternatively, it argues that Parker Hannifin's proposed complaint fails to state cognizable Connecticut state law claims.

If indeed the FSIA bars Parker Hannifin's claims against ROKAF and Samsung, that affirmative defense is appropriately raised, on a more thorough record, by those latter entities as a later time. At present, the court has little information to support a determination of whether, under that complex statute, the proposed third-party defendants are entitled to the protections of the Act and if so, whether one or both of the third-party defendants is covered by one of the Act's exceptions that would make them nonetheless subject to suit. See, e.g., Dole Food Co. v. Patrickson, 123 S.Ct. 1655, 1659 (2003) (holding that a foreign corporation is not an "agent or instrumentality of a foreign state" when a majority of its shares are not owned by the foreign state itself, even if they are in fact owned by the state indirectly through a holding company). If applicable, sovereign immunity should be raised by the third party defendants on a motion to dismiss.

Nor does the court find that UTC's objections to the substance of Parker Hannifin's claims against ROKAF and Samsung should bar the filing of the third-party complaint. The Rule is not limited to cases where the third parties will automatically be liable to the third-party plaintiff, see Old Republic Ins. Co., 99 F.R.D. at 569-70. Moreover, claims for indemnity and contribution can be proper subjects of a Rule 14 joinder. See, e.g., Columbus McKinnon Corp., 867 F. Supp. at 1177.

In order to join ROKAF and Samsung as parties, Parker Hannifin must also demonstrate that the complaint states a substantive cause of action against those prospective parties. "Federal impleader cannot . . . operate to enlarge the third-party plaintiff's right to

recovery beyond that available under the controlling substantive law." Andrulonis v. United States, 26 F.3d 1224, 1233 (2d Cir. 1994). Parker Hannifin's proposed third-party complaint asserts two Connecticut state law claims against the potential third party defendants: common law indemnification, and apportionment of liability under Conn. Gen. Stat. Section 52-572h.

Section 52-572h provides for damage apportionment in cases where damages are caused by the negligence of more than one party. The section, however, covers only damages for "personal injury, wrongful death, or damage to property." Parker argues that in Williams Ford, Inc., v. The Hartford Courant Co., 232 Conn. 559, 584 (Conn. 1995), the Connecticut Supreme Court extended the section to commercial losses. In Williams, however, the Court specifically affirmed that the statute does not cover "commercial losses, unaccompanied by damages to or loss of the use of some tangible property." Id. It did find, however, that the section's policy against the harsh contributory negligence rule should apply to purely commercial cases, to the extent that contributory negligence would not operate as a bar to recovery. Id. Cases after Williams have continued to dismiss apportionment claims for purely commercial damages. Carpenter v. Dressler, 2002 WL 442304 (Conn. Super. Ct., Feb. 22, 2002); Boardmen v. Webb, 2002 WL 237826 (Conn. Super. Ct. Jan. 29, 2002). Here, there was loss of two airplanes, clearly tangible property. Although UTC seeks other losses, certainly part of its claim would arguably support a third-party action for apportionment under the statute.

Parker Hannifin's common law indemnification claim also does not necessarily fail. "Ordinarily there is no right of indemnity or contribution against joint tortfeasors." Krytatas v. Stop & Shop, Inc., 205 Conn. 694, 697 (Conn. 1988). While indemnity thus "shifts the impact of liability from passive joint tortfeasors to active ones," Skluzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697 (Conn. 1997), the essence of Parker Hannifin's claim is not that it was "passive" and the proposed third-party defendants were "active," but rather that the proposed third party defendants were the real tortfeasors. Parker Hannifin's proposed complaint alleges: "If UTC incurred damages as alleged in its complaint against Parker Hannifin, said damages were proximately caused by the negligence of Samsung [and RAFOK], rather than the negligence of Parker Hannifin (which Parker Hannifin expressly denies)," [Defs' Proposed Third Party Compl., Dkt No. 9]. While the court has reservations about whether the complaint, as alleged, states an appropriate indemnification claim, it will allow that issue to be raised by either or both of the third-party defendants in a motion to dismiss.

III. **CONCLUSION**

For the reasons outlined above, the Motion for Leave to Serve Third-Party Complaint [Dkt. No. 9] is GRANTED.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 9th day of December, 2003.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge