UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

UNITED TECHNOLOGIES CORPORATION,  :  DOCKET NO. 303CV1007 JCH
            Plaintiff,  :
                                :  PARKER HANNIFIN CORP.'S
v.  :  THIRD PARTY COMPLAINT

PARKER HANNIFIN CORPORATION,  :
            Defendant  :

---

PARKER HANNIFIN CORPORATION,  :
            Third-Party Plaintiff,  :
v.  :

REPUBLIC OF KOREA AIR FORCE and  :
SAMSUNG AEROSPACE,  :
            Third- Party Defendants.  :

---

## THIRD PARTY COMPLAINT

The defendant/third-party plaintiff, Parker Hannifin Corporation ("Parker Hannifin"), hereby brings this Third Party Complaint against the third party defendants, the Republic of Korea Air Force and Samsung Aerospace, as more specifically set forth herein.

### THE PARTIES

1. The plaintiff in the underlying action, United Technologies Corporation ("UTC"), is a Delaware corporation with its principal place of business located in Hartford, Connecticut. (See Exhibit A, Plaintiff's Complaint, dated May 7, 2003, Count One, ¶ 1.)

2. The third-party plaintiff/defendant, Parker Hannifin Corporation ("Parker Hannifin"), is a United States corporation organized and existing under the laws of the State of Ohio with its principle place of business located in Ohio.

3. The third-party defendant, the Republic of Korea Air Force ("ROKAF"), is a foreign state within the meaning of 28 U.S.C. § 1330 and 28 U.S.C. § 1603(a) and (b).

4. The third-party defendant, Samsung Aerospace ("Samsung"), is an agency or instrumentality of a foreign state within the meaning of 28 U.S.C. § 1330 and 28 U.S.C. § 1603(b) and/or a foreign corporation .

## JURISDICTION

5. Original jurisdiction of UTC's underlying action against Parker-Hannifin is conferred on this Court pursuant to 28 U.S.C. § 1332.

    a. UTC is a Delaware corporation with its principal place of business located in Hartford, Connecticut. (See Exhibit A, Plaintiff's Complaint, dated May 7, 2003, Count One, ¶ 1.)

    b. UTC is made up of several divisions, including Pratt & Whitney Division, a/k/a Pratt & Whitney Group, Manufacturing Operations ("Pratt & Whitney"), with a place of business located in East Hartford, Connecticut. *Id.*

    c. Parker Hannifin is an Ohio corporation with its principal place of business located in the State of Ohio. *Id.* At Count One, ¶ 2. Parker Hannifin is the only named defendant in the Complaint. (See Exhibit A.).

    d. UTC seeks to recover from Parker Hannifin damages in excess of $9.5 million. (Exhibit A, Count One, ¶s 31 through 37.)

    e. Therefore, the underlying action between UTC and Parker Hannifin, pursuant to 28 U.S.C. § 1332, is a civil action between citizens of different States, in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Original jurisdiction of this third-party action against Samsung is conferred on this

Court pursuant to 28 U.S.C. § 1332.

    a. Parker Hannifin is an Ohio corporation with its principal place of business located in the State of Ohio.

    b. Samsung, as a foreign corporation, is a citizen of a foreign state.

    c. In this Third Party Complaint, Parker Hannifin claims indemnification against Samsung for any liabilities, claims of liability, damages, costs and attorney's fees it incurs as a result of UTC's underlying action against it, in which UTC claims damages against Parker Hannifin in excess of $9.5 million.

    d. Therefore, the third party action against Samsung, pursuant to 28 U.S.C. § 1332(a)(2), is a civil action between a citizen of a State and a citizen of a foreign state, in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Original jurisdiction of this third-party action against Samsung is conferred on this Court pursuant to 28 U.S.C. § 1330.

    a. Samsung is an agent or instrumentality of a foreign state within the meaning of 28 U.S.C. § 1330 and 28 U.S.C. § 1603.

    b. Samsung is not entitled to jurisdictional immunity under 28 U.S.C. § 1604 because the third party action against it falls within the general exceptions to jurisdictional immunity of a foreign state set forth in 28 U.S.C. § 1605.

    c. In this Third Party Complaint, Parker Hannifin claims indemnification against Samsung for any liabilities, claims of liability, damages, costs and attorney's fees it incurs as a result of UTC's underlying action against it, in which UTC claims damages against Parker Hannifin in excess of $9.5 million.

    d. Therefore, this third party action against Samsung, pursuant to 28 U.S.C. §

1330, is a civil action against a foreign state, consisting of a claim in personam against Samsung, to which Samsung is not entitled to jurisdictional immunity under 28 U.S.C. § 1604.

8. Original jurisdiction of this third-party action against ROKAF is conferred on this Court pursuant to 28 U.S.C. § 1330.

    a. ROKAF is a foreign state within the meaning of 28 U.S.C. § 1330 and 28 U.S.C. § 1603.

    b. ROKAF is not entitled to jurisdictional immunity under 28 U.S.C. § 1604 because the third party action against it falls within the general exceptions to jurisdictional immunity of a foreign state set forth in 28 U.S.C. § 1605.

    c. In this Third Party Complaint, Parker Hannifin claims indemnification against ROKAF for any liabilities, claims of liability, damages, costs and attorney's fees it incurs as a result of UTC's underlying action against it, in which UTC claims damages against Parker Hannifin in excess of $9.5 million.

    d. Therefore, this third party action against ROKAF, pursuant to 28 U.S.C. § 1330, is a civil action against a foreign state, consisting of a claim in personam against ROKAF, to which ROKAF is not entitled to jurisdictional immunity under 28 U.S.C. § 1604.

## GENERAL ALLEGATIONS

1. Upon information and belief, in 1991, UTC and ROKAF entered into a Memorandum of Agreement setting forth a comprehensive engine support program.

2. Upon information and belief, pursuant to said Memorandum of Agreement, UTC agreed to provide engine kits to be used in the assembly and installation of ROKAF aircraft engines.

3. Upon information and belief, and at all times relevant hereto, ROKAF and Samsung,

using the engine kits provided by UTC, and under UTC's direction and supervision, and pursuant to its procedures and/or instructions, stored, assembled, installed, maintained, inspected, repaired and operated the UTC engines/engine kits used in ROKAF aircraft. ROKAF and Samsung performed these task pursuant to contractual and other obligations with UTC.

4. The plaintiff has alleged in its underlying action against Parker Hannifin that, among the components contained in the engine kits, were flexible hoses ("flexhoses"), a component part manufactured by Stratoflex Aerospace ("Stratoflex"), a division of Parker Hannifin, for UTC pursuant to a 1994 agreement between UTC and Parker Hannifin. *See* Plaintiff's Complaint, dated May 7, 2003, Count 1, paragraph 31. The plaintiff has further alleged Parker Hannifin manufactured these flexhoses pursuant to an agreement between the parties entered in December 1994. *Id.* at Count 1, paragraph 3.

5. Parker Hannifin had no part in, had no obligation concerning and took no action with respect to, the assembly, installation, maintenance, inspection, repair and operation of the UTC engines/engine kits used in ROKAF aircraft.

6. On August 6, 1997, a ROKAF F-16 aircraft crashed ("K-1 incident").

7. On September 18, 1997, a second ROKAF F-16 aircraft crashed ("K-2 incident").

8. UTC has further alleged that it paid to ROKAF sums in excess of $9.5 million in settling claims ROKAF made against UTC arising out of the K-1 and K-2 incidents. Plaintiff's Complaint, Count 1, paragraphs 3, 16 and 17.

9. UTC has further alleged that the K-1 and K-2 incidents, and UTC's subsequent payment to ROKAF in excess of $9.5, were a result of faulty flexhoses manufactured by Parker Hannifin/Stratoflex, which burst during the K-1 and K-2 incidents. *Id.* at Count 1, paragraph 31.

10. UTC has further alleged that Parker Hannifin/Stratoflex had a duty to ensure its

manufacturing process of the flexhoses used in the subject engines did not cause or contribute to corrosion of the flexhose, and that Parker Hannifin/Stratoflex had a duty to design the hoses and determine the manufacturing process to ensure nothing Parker Hannifin/Stratoflex did caused or contributed to the flexhoses bursting during their intended use. *Id.* at Count 1, paragraph 33.

11. In Count One of its Complaint, UTC has attempted to allege a contractual indemnification claim against Parker Hannifin. In said Count, UTC has asserted that Parker Hannifin's negligence or fault in producing the flexhoses caused the flexhoses to burst. UTC has further asserted that the 1994 agreement between the parties conferred on Parker Hannifin, in light of Parker Hannifin's alleged negligence or fault regarding the flexhoses, the obligation to indemnify UTC for all payments and damages/costs associated with ROKAF's claims, liabilities, costs, etc. stemming from the K-1 and K-2 incidents. *See generally*, Plaintiff's Complaint.

12. In Count Two of its Complaint, UTC, in attempting to assert a negligence action against Parker Hannifin, re-alleged that Parker Hannifin/Stratoflex had a duty to ensure its manufacturing process of the flexhoses used in the subject engines did not cause or contribute to corrosion of the flexhose, and that Parker Hannifin/Stratoflex had a duty to design the hoses and determine the manufacturing process to ensure nothing Parker Hannifin/Stratoflex did caused or contributed to the flexhoses bursting during their intended use. UTC further alleged Parker Hannifin breached its duties in this regard, which amounted to negligence and negligent performance of contract. *See generally*, Plaintiff's Complaint.

13. UTC seeks money damages, interest, attorney's fees and costs in connection with its claims against Parker Hannifin. *See generally,* Plaintiff's Complaint, Prayer for Relief.

## COUNT ONE (Parker Hannifin v. Samsung)

1-13. Paragraphs 1 through 13 of the General Allegations are re-alleged as paragraphs 1 through 13 of Count One, as if fully set forth herein.

14. Upon information and belief, Samsung, acting jointly with ROKAF, was negligent in failing to properly follow those procedures and/or instructions provided by UTC regarding the storage, assembly, installation, maintenance, inspection, repair and operation of the engines present in the K-1 and K-2 aircraft at the time of the incidents.

15. Upon information and belief, Samsung, acting jointly with ROKAF, was negligent in failing to exercise reasonable care under the circumstances in storing, assembling, installing, maintaining, inspecting, repairing and operating the engines present in the K-1 and K-2 aircraft at the time of the incidents.

16. Upon information and belief, the acts and/or omissions of Samsung, acting jointly with ROKAF, and to the exclusion of Parker Hannifin, were the direct and immediate cause of the K-1 and K-2 incidents.

17. Samsung's conduct, rather than any alleged acts or omissions on Parker-Hannifin's part, as asserted in UTC's complaint (which Parker Hannifin specifically denies), was the direct and immediate cause of UTC's incurring those liabilities, claims of liabilities and other damages it seeks to recover in its action against Parker Hannifin.

18. Samsung, acting jointly with ROKAF, was in exclusive control of the situation that led to the K-1 and K-2 incidents and resulting damages claimed by UTC.

19. Parker Hannifin did not know of the negligence of Samsung as set forth above, had no reason to anticipate it and could reasonably have relied on Samsung not to be negligent.

**COUNT TWO (Parker Hannifin v. ROKAF)**

1-13. Paragraphs 1 through 13 of the General Allegations are re-alleged as paragraphs 1 through 13 of Count Two, as if fully set forth herein.

14. Upon information and belief, ROKAF, acting jointly with Samsung, was negligent in failing to properly follow those procedures and/or instructions provided by UTC regarding the storage, assembly, installation, maintenance, inspection, repair and operation of the engines present in the K-1 and K-2 aircraft at the time of the incidents.

15. Upon information and belief, ROKAF, acting jointly with Samsung, was negligent in failing to exercise reasonable care under the circumstances in storing, assembling, installing, maintaining, inspecting, repairing and operating the engines present in the K-1 and K-2 aircraft at the time of the incidents.

16. Upon information and belief, the acts and/or omissions of ROKAF, acting jointly with Samsung, and to the exclusion of Parker Hannifin, were the direct and immediate cause of the K-1 and K-2 incidents.

17. ROKAF's conduct, rather than any alleged acts or omissions on Parker-Hannifin's part, as asserted in UTC's complaint (which Parker Hannifin specifically denies), was the direct and immediate cause of UTC's incurring those liabilities, claims of liabilities and other damages it seeks to recover in its action against Parker Hannifin.

18. ROKAF, acting jointly with Samsung, was in exclusive control of the situation that led to the K-1 and K-2 incidents and resulting damages claimed by UTC.

19. Parker Hannifin did not know of the negligence of ROKAF as set forth above, had no reason to anticipate it and could reasonably have relied on ROKAF not to be negligent.

## COUNT THREE (Parker Hannifin v. Samsung)

1. Paragraphs 1 through 17 of Count One are re-alleged as paragraphs 1 through 17 of Count Three, as if fully set forth herein.

18. If UTC incurred damages as alleged in its complaint against Parker Hannifin, said damages were proximately caused by the negligence of Samsung, rather than the negligence of Parker Hannifin (which Parker Hannifin expressly denies).

19. Pursuant to C.G.S. § 52-572h, Samsung is liable for UTC's claimed damages based on its proportionate share of fault, as defined in C.G.S. § 52-572h(c), (f).

## COUNT FOUR (Parker Hannifin v. ROKAF)

1. Paragraphs 1 through 17 of Count Two are re-alleged as paragraphs 1 through 17 of Count Four, as if fully set forth herein.

18. If UTC incurred damages as alleged in its complaint against Parker Hannifin, said damages were proximately caused by the negligence of ROKAF, rather than the negligence of Parker Hannifin (which Parker Hannifin expressly denies).

19. Pursuant to C.G.S. § 52-572h, ROKAF is liable for UTC's claimed damages based on its proportionate share of fault, as defined in C.G.S. § 52-572h(c), (f).

WHEREFORE, the third-party plaintiff, Parker Hannifin Corporation, claims:

1. Indemnification;

2. Money damages;

3. Attorney's fees;

4. Costs;

5. Apportionment of liability pursuant to C.G.S. § 52-572h;

6. Such other relief at law or equity this Court deems just and proper.

KERN AND WOOLEY, LLP

By: _____
Mitchel E. Kallet
CT Federal Bar No. CT16912
280 Trumbull Street
Hartford, CT 06103
860-246-9700

Attorneys for Defendant,
Parker Hannifin Corporation

Dated: August 5, 2003

## **CERTIFICATION OF SERVICE**

This is to certify that on August 5, 2003, a copy of the foregoing **Third-Party Complaint** was sent via first class mail to the following recipients:

<u>Attorneys for Plaintiffs:</u>
Charles W. Fortune
David M. Bizar
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103


_____
Mitchel E. Kallet
Commissioner of the Superior Court