**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED TECHNOLOGIES CORPORATION, | : | NO. 3:03CV1007 (JCH) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| PARKER HANNIFIN CORPORATION, | : | |
| | : | |
| Defendant. | : | JANUARY 20, 2004 |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

**I.   INTRODUCTION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the plaintiff, United Technologies Corporation ("United"), hereby moves for a protective order. For the reasons set forth below, the Court should issue a protective order (1) that no discovery shall be conducted pending the ruling on the Motion to Stay, filed on December 15, 2003 (Docket Entry No. 27), and (2) that no response is required to Defendant's First Set of Interrogatories and Requests for Production, in particular, because the interrogatories exceed the twenty-five (25) interrogatory limit set forth in Rule 33(a) of the Federal Rules of Civil Procedure, and the requests for production have been drafted in such a way as to be mirror images of the interrogatories.

The Motion to Stay sets forth a number of reasons why staying these proceedings pending the resolution of identical claims in an expedited and binding ADR process which is already under way is consistent with the effective and efficient administration of justice. Those arguments will

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

not be repeated here. It should be noted, however, that as contemplated by the ADR procedures of the Long Term Agreement pursuant to which these claims arise, the parties met for three (3) days with Magistrate Judge F. Owen Eagan from January 7 - 9, 2004 and were unable to settle their differences. The ADR provisions mandate that the binding mini-trial commence within six (6) months of the mediation. Accordingly, it is anticipated that the mini-trial will commence no later than July 8, 2004.[1]

The defendant's response to the Motion to Stay was initially due on January 5, 2004. Claiming that it needed time to prepare for the mediation, the defendant sought an extension of thirty (30) days within which to respond to the Motion to Stay to which the plaintiff consented. On January 7, 2004, the Court granted the defendant's motion, thus permitting the defendant until February 4, 2004 in which to serve its response to the Motion to Stay (Docket Entry No. 30).

Counsel for the plaintiff contacted counsel for the defendant and asked if the defendant would agree to postpone discovery in this case pending the decision on the Motion to Stay. Counsel for the defendant stated that it was unwilling to do so. (See Affidavit of Charles W. Fortune, dated January 20, 2004, attached as Exhibit A, at ¶ 3.) Counsel for the plaintiff also brought to the attention of counsel for the defendant that the defendant's interrogatories exceeded the twenty-five (25) interrogatory limit contained in Rule 33(a) of the Federal Rules of Civil

---

[1] The plaintiff has already initiated discussions with the defendant regarding the selection of the three-member arbitration panel. In an effort to avoid a possible duplication of effort, the parties have also tentatively agreed that whatever discovery is deemed appropriate in connection with the binding mini-trial may also be used, if necessary, in the instant case.

Procedure.[2]  Indeed, counsel for the plaintiff stated that before we could respond to the interrogatories, the defendant would have to reduce the number to 25 or specify which 25 it sought to have answered.  (See Exhibit A, at ¶ 4; Defendant's First Set of Interrogatories and Requests for Production, attached as Exhibit B.)[3]  As noted above, the same reasoning applies to the requests for production which track the interrogatories and simply ask for the production of documents identified in the interrogatories which exceed the limit set forth in Rule 33(a), thereby making it impossible for the plaintiff to respond.  Counsel for the defendant was unwilling to revise the interrogatories and took the position that the Court's endorsed ruling on defendant's Rule 26(f) Report implicitly gave the defendant permission to file more than 25 interrogatories.  (Exhibit A, at ¶ 5.)  Counsel for the plaintiff noted that not only this was a misreading of the endorsed ruling (which merely approved the suggested deadlines for discovery),[4] but that it also made no sense

---

[2] Federal Rule of Civil Procedure 33(a) provides that "without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not to exceed 25 in number including all discrete subparts, to be answered by the party served. . . ." Fed. R. Civ. Pro. 33(a).

[3] The plaintiff served its formal objections to Defendants First Set of Interrogatories and Requests for Production on January 16, 2004.

[4] The Court's Order reads in full:

> Report approved in part.  Discovery cutoff date 9/3/04.  Counsel should not expect any extensions.  Dispositive motions due by 11/15/04.  Rule 16 Conference 11/15/04.  Rule 16 Conference to be held on 2/26/04 @ 4:00 p.m.
>
> **SO ORDERED** /s Janet C. Hall, U.S.D.J.

(Endorsement dated 9/25/03 (appearing between Docket Entry Nos. 16 and 17).)

because such an interpretation of the endorsement would mean that the Court, in effect, gave the defendant *carte blanche* to serve as many interrogatories as it wished, as the defendant's Rule 26(f) Report merely referenced the need for more than twenty-five (25) interrogatories but did not mention the number of interrogatories the defendant wished to serve. (Exhibit A, at ¶ 6.)

## II.  DISCUSSION

"Upon motion by a party or by the person from whom discovery is sought,. . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time and place. . . ." Fed. R. Civ. P. 26(c). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co., v. Rhinehart, 467 U.S. 20, 36 (1984); see also Galella v. Onassi, 487 F.2d 986, 997 (2d Cir. 1973) ("The decision to issue a protective order 'is singularly within the discretion of the district court . . . .'"). It is well-settled that a protective order may be issued pursuant to Rule 26(c) where a party serves interrogatories in excess of the number permitted by Rule 33. See Duncan v. Paragon Publ'g, Inc., 204 F.R.D. 127 (S.D. Ind. 2001) (granting protective order that the responding party may not be required to answer more than 25 interrogatories); see also McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 449-50 (D.

Conn. 1996) (Eginton, J.) (denying motion to compel because party violated Fed. R. Civ. Pro. 33(a) by serving interrogatories with 26 subparts without obtaining leave of court).

As noted above, the Motion to Stay sets forth a number of arguments why proceeding with any aspect of the claims between the parties in the present case prior to the adjudication of those claims in a binding mini-trial is unduly and unnecessarily burdensome and expensive as the binding mini-trial may well dispose of most if not all of the issues in this case.  These arguments apply with equal force to discovery.  As noted in that motion, the stay will give the defendant time to attempt to add the Korean third-party defendants to this litigation and will afford those entities the opportunity to move to dismiss on sovereign immunity and in personam jurisdiction grounds. Clearly, no useful purpose will be served in allowing discovery to proceed between the plaintiff and defendant if either the binding min-trial will dispose of all issues between the plaintiff and defendant, ending the litigation, or the third-party defendants are ultimately joined in this proceeding and need to conduct similar discovery themselves.  Moreover, it is clear that the defendant has exceeded the number of interrogatories (and, by logical extension, requests for production) permitted by the Federal Rules of Civil Procedure, and for that reason alone a protective order should be entered.

### III.   CONCLUSION

For all the reasons set forth in the Motion to Stay as well as herein, the plaintiff respectfully requests that a protective order be entered that no discovery be had pending the determination of

the Motion to Stay and that no response is required to the defendant's First Set of Interrogatories and Requests for Production.

PLAINTIFF,
UNITED TECHNOLOGIES CORPORATION


By_____
Robert A. Brooks (ct00117)
Charles W. Fortune (ct07528)
David M. Bizar (ct20444)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT  06103-3499
Telephone:  (860) 275-0100
Facsimile:  (860) 275-0343
E-mail:  rabrooks@dbh.com
         cwfortune@dbh.com
         dmbizar@dbh.com

## **CERTIFICATION**

This is to certify that the foregoing was sent this 20th day of January, 2004 by facsimile and first class mail, postage prepaid, to:

Mark Guilliani
Kern & Wooley, LLP
280 Trumbull Street
Hartford, CT  06103

David McGovern
Kern & Wooley, LLP
10900 Wilshire Boulevard
Los Angeles, CA  90024-6501


_____
David M. Bizar