# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED TECHNOLOGIES CORPORATION, | : | NO. 3:03CV1007 (JCH) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| PARKER HANNIFIN CORPORATION, | : | |
| | : | |
| Defendant. | : | JANUARY 20, 2004 |

## AFFIDAVIT OF CHARLES W. FORTUNE IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Charles W. Fortune, being first duly sworn, deposes and says:

1. I am over the age of 18 and believe in the obligation of an oath.

2. I am a partner with the law firm of Day, Berry & Howard LLP, counsel to the plaintiff, United Technologies Corporation, in the above captioned action. I submit this affidavit in support of the plaintiff's Motion for Protective Order dated January 16, 2004.

3. I contacted counsel for the defendant and asked if the defendant would agree to postpone discovery in this case pending the decision on the Motion to Stay. Counsel for the defendant stated that it was unwilling to do so.

4. I also brought to the attention of counsel for the defendant that the defendant's interrogatories exceeded the twenty-five (25) interrogatory limit contained in Rule 33(a) of the Federal Rules of Civil Procedure. Indeed, I stated that before we could respond to the

interrogatories, the defendant should reduce the number to 25 or specify which 25 it sought to have answered.

5. Counsel for the defendant was unwilling to revise the interrogatories and took the position that the Court's endorsed ruling on defendant's Rule 26(f) Report implicitly gave the defendant permission to file more than 25 interrogatories.

6. I noted that not only was this a misreading of the endorsed ruling (which merely approved the suggested deadlines for discovery), but that it also made no sense because such an interpretation of the endorsement would mean that the Court, in effect, gave the defendant *carte blanche* to serve as many interrogatories as it wished, as the defendant's Rule 26(f) Report merely referenced the need for more than twenty-five (25) interrogatories and did not mention a number of interrogatories the defendant wished to serve.

7. I hereby certify in accordance with Fed. R. Civ. Pro. 26(c) and D. Conn. L. R. 37(a)2 that the movant has in good faith conferred with the defendant's counsel in detail in an effort to resolve by agreement the issues raised by the motion without the intervention of the Court, but was unable to reach such an agreement.

_____
Charles W. Fortune

Subscribed and sworn to before me
this 20th day of January, 2004.

_____
David M. Bizar
Commissioner of the Superior Court