UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| UNITED TECHNOLOGIES CORPORATION,<br>Plaintiff,<br><br>v.<br><br>PARKER HANNIFIN CORPORATION,<br>Defendant | DOCKET NO. 303CV1007 JCH<br><br>DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION |
| PARKER HANNIFIN CORPORATION,<br>Third-Party Plaintiff,<br><br>v.<br><br>REPUBLIC OF KOREA AIR FORCE and<br>SAMSUNG AEROSPACE,<br>Third-Party Defendants. | December 10, 2003 |

---

## DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Defendant, Parker Hannifin Corporation, hereby propounds upon the Plaintiff, United Technologies Corporation, the following Interrogatories and Requests for Production.

The Defendant hereby incorporates Local Rule 26(a) – (d) as definitions applicable to these discovery requests, as if fully set forth herein. Further, should the Plaintiff withhold any information responsive to these discovery requests based on a claim of privilege or protection as trial preparation material, which is otherwise discoverable, the Plaintiff shall prepare and provide to the Defendant with respect to such withheld information, as part of its compliance, a Privilege Log expressly disclosing the information set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of Civil Procedure.

A.  **BY WAY OF INTERROGATORIES**:

1. Please identify, by providing the name, address and title/position, of the individual responding to these Interrogatories and Requests for Production.

2. Please identify, by providing the name, address and title/position, of those agents, servants and employees (including independent contractors) of the Plaintiff who participated in the design of the fuel system that was used in the engine kits for the K-1 and K-2 aircraft identified in the Plaintiff's complaint ("subject fuel system").

3. Please identify, by providing the name, address and title/position, the individual who, on behalf of the Plaintiff, can best describe the operational requirements and characteristics of the subject fuel system.

4. Please identify and describe all documents and other tangible things relative to any test data, reports and protocols in connection with the initial design of, and the manufacturing processes and procedures for, the subject fuel system, including any revisions thereto.

5. Please identify all engineered drawings, specifications and revisions thereto prepared by or on behalf of the Plaintiff, concerning the subject fuel system.

6. Please identify, by providing the name, address and title/position, any agent, servant, employee or representative of the Plaintiff who communicated with the Defendant regarding the design specifications and requirements for fuel hoses for the subject fuel system.

7. Please identify and describe all documents and other tangible things relative to the communications between the Plaintiff and the Defendant referenced in the previous interrogatory.

8. Please identify, by providing the name, address and title/position, all individuals who, on behalf of the Plaintiff, were involved in approval of the Defendant's design specifications and manufacturing processes in connection with Stratoflex flexhoses, to which the Plaintiff refers in its complaint.

9. Please identify and describe all documents and other tangible things in connection with the Plaintiff's approval of the Defendant's design specifications and manufacturing processes for the flexhoses, as referenced in the previous interrogatory.

10. Please identify and describe any and all contracts/agreements between the Plaintiff and Defendant regarding the Defendant's providing to the Plaintiff all flex hoses to which the Plaintiff refers in its complaint.

11. Please identify and describe all documents and other tangible things, other than the contracts/agreements listed above, relative to negotiations and communications between the parties concerning said contracts/agreements.

12. Please identify all the locations to which the K1 and K2 engine kits were shipped, from the origin of shipment to the ultimate location of delivery in the Republic of Korea.

13. Please identify and describe all shipping documents relative to the previous interrogatory.

14. Please identify and describe all contracts/agreements between the Plaintiff and third parties regarding the assembly, installation, maintenance, repair, inspection, operation and storage of the subject engine kits.

15. Please identify, by providing the name, address and title/position, all persons who, on behalf of the Plaintiff, were involved in negotiating the contracts/agreements identified in the previous interrogatory.

16. Please identify and describe all contracts/agreements between the Plaintiff and third parties regarding the sale of the subject engine kits to the Republic of Korea Air Force ("ROKAF").

17. Please identify, by providing the name, address and title/position, all individuals who, on behalf of the Plaintiff, were involved in negotiating the contracts/agreements identified in the previous interrogatory.

18. Please identify and describe all other documents and tangible things relative to communication between the Plaintiff and third parties regarding the sale of the subject engine kits to ROKAF and the assembly, installation, maintenance, repair, inspection, operation and storage of said engine kits.

19. Please identify, by providing name, address and title/position, all persons who, on behalf of the Plaintiff, developed protocols and instructions for the assembly, installation, maintenance, repair, inspection, operation and storage of the subject engine kits.

20. Please identify and describe all documents and other tangible things prepared by or on behalf of the Plaintiff for the purpose of conveying to third parties the protocols and instructions referenced in the previous interrogatory.

4

21. Please identify, by providing the name, address and title/position, all personnel who, on behalf of the Plaintiff, were present during, or had responsibility regarding, the assembly, installation, maintenance, repair, inspection, operation and storage of said engine kits in the Republic of Korea, and please further provide the date(s) during which said individuals were present in the Republic of Korea and their location on each such date.

22. Please identify, by providing the name, address and title/position, those individuals who were representatives of ROKAF, Samsung and the United States Government and who were the Plaintiff's primary point of contact for these entities in connection with the sale of the subject engine kits (K1 and K2) and any other engine kits the Plaintiff sold to the Republic of Korea under the Foreign Military Sales Program.

23. Please identify and describe all documents and other tangible things relative to the Plaintiff's monitoring and oversight of the assembly, installation, maintenance, repair, inspection, operation and storage of the subject engine kits in the Republic of Korea.

24. Please identify and describe all documents and other tangible things relative to the Plaintiff's communication and negotiation with ROKAF and other third parties concerning the Plaintiff's settlement of any claims stemming from the K-1 and K-2 incidents.

25. Please identify, by providing the name, address and title/position, all individuals who, on behalf of the Plaintiff, participated in negotiations with third parties regarding any claims stemming from the K-1 and K-2 incidents.

26. Please describe (by identifying the party who brought the suit/claim, the location and venue of the filing of the suit and the date of filing) any legal actions filed against the Plaintiff by any third party as a result of the K-1 and K-2 mishaps.

27. Please identify, by providing the name, address and title/position, all individuals who, on behalf of the Plaintiff, were involved in the investigation and analysis of the root cause of the K-1 and K-2 mishaps.

28. To the extent not provided in response to the previous interrogatory, please identify all entities who performed any investigation, testing or analysis of the root cause of the K-1 and K-2 incidents.

29. Please identify and describe all documents and other tangible things relative to the investigation, testing and analysis referenced in the previous two (2) interrogatories.

30. Please identify and describe, by providing the name, address and title/position, all individuals who have personal knowledge of the actions/efforts taken by the Plaintiff to mitigate those damages it alleges against the Defendant in ths action.

31. Please specifically describe all actions and efforts on the part of the Plaintiff to mitigate those damages it alleges against the Defendant in ths action.

32. Please identify and describe all documents and other tangible things relative to the Plaintiff's actions and efforts to mitigate those damages it alleges against the Defendant in ths action.

33. Please provide the following information concerning other incidents/accidents or investigations regarding or in any way involving fuel system failure and/or fuel system malfunction on aircraft engines designed and/or manufactured and/or sold by the Plaintiff, including, but not limited to, aircraft engines containing parts designed, manufactured and sold by the Defendant:

    a. The type engine and aircraft;

    b. The date and location of the incident/accident/investigation;

    c. A brief description of the nature of the incident/accident/investigation;

    d. The identity of the owner and operator of the aircraft at the time of the incident/accident/investigation;

    e. Whether any claim or lawsuit was brought against the Plaintiff or third parties as a result of said incident/accident/investigation, and the date of filing and location/venue of filing;

    f. Whether the Plaintiff made a demand to any of its suppliers/vendors for defense and/or indemnification of any claim or lawsuit identified above, the identity of any such supplier/vendor and the outcome of such demand;

    g. The disposition of any claim, lawsuit or demand arising from said incident/accident; and the date thereof;

    h. The name, address and title/position of the individual who, on behalf of the Plaintiff, can best describe, or has the most knowledge regarding, said incident/accident/investigation.

34. Please provide the following information concerning any incidents/accidents or investigations regarding or in any way involving stress corrosion cracking and/or environmentally assisted/related/caused cracking of components of engines and/or engine kits designed and/or manufactured and/or sold by the Plaintiff, other than those relative to Stratoflex flexhoses.

    a. The type engine and aircraft;

    b. The date and location of the incident/accident/investigation;

    c. A brief description of the nature of the incident/accident/investigation;

7

    d.    The identity of the owner and operator of the aircraft at the time of the incident/accident/investigation;

    f.    Whether the Plaintiff made a demand to any of its suppliers/vendors for defense and/or indemnification of any claim or lawsuit identified above, the identity of any such supplier/vendor and the outcome of such demand;

    g.    The disposition of any claim, lawsuit or demand arising from said incident/accident; and the date thereof;

    h.    The name, address and title/position of the individual who, on behalf of the Plaintiff, can best describe, or has the most knowledge regarding, said incident/accident/investigation.

35. Please identify, by providing the name, address and title/position, those individuals who prepared the Plaintiff's computation of damages disclosed in its October 28, 2003 Initial Disclosure Rule 26(a).

36. Please identify by providing the name, address and title/position, those individuals with personal knowledge of the information contained in the computation of damages referenced in the previous interrogatory.

37. Please identify and describe all documents and other tangible things that were a source of the information/data contained in the computation of damages referenced above.

38. Please identify, by providing the name, address and title/position, all individuals who were a source of information/data found in the computation of damages referenced above.

39.   Please fully describe and itemize, to the extent not previously disclosed, all the damages claimed by the Plaintiff in this case.

40.   Please provide the following information regarding the Plaintiff's claim that it instituted a retrofit program regarding flex hoses:

    a.   Type of aircraft for which retrofitting has been done;

    b.   If the aircraft were military, the government, owner and operator of said aircraft;

    c.   If the aircraft were civilian, the owner and operator of said aircraft;

    d.   The total number of hoses replaced in the retrofitting program on military aircraft per government, owner, operator and type aircraft; and

    e.   The total number of hoses replaced during the retrofitting program on civilian aircraft per owner, operator and type aircraft.

41.   Please identify and describe all documents and other tangible things relative to the retrofitting program referenced in the previous interrogatory;

42.   Please identify all customers of the Plaintiff who have declined to participate in the retrofitting program referenced above.

43.   Please identify all "commercial purchasers of engines equipped with hoses that are the subject of the retrofit" that must be completed "on or before December 31, 2006," to which the Plaintiff refers in Count 1, Paragraph 26, of its complaint dated May 7, 2003.

44. Please identify any and all evidence in the Plaintiff's possession, knowledge or control to prove that the Defendant's use of an ivory soap solution in the manufacturing process of flexhoses caused the K-1 and K-2 mishaps.

> a. If such evidence is in the form of testimony, please provide the name, address and title/position of every individual who intends to offer such testimony;
>
> b. If the evidence is in the form of documentation, please identify and describe each document and please provide the name, address and title/position of the person or persons in possession of such documents and the location of said documents;
>
> c. If the evidence is in the form of something other than testimony and documentation, please describe each piece of evidence and, if it is a tangible thing, the location of such evidence and the name, address and title/position of the person or persons in possession of such evidence.

45. With respect to the allegation that the Defendant was "given notice of and was involved in the retrofit process conducted by Pratt" as alleged in Count 1, Paragraph 28, of the Plaintiff's complaint, please identify any and all evidence in the Plaintiff's possession, knowledge and control in support of such allegation.

> a. If such evidence is in the form of testimony, please provide the name, address and title/position of every individual who intends to offer such testimony;
>
> b. If the evidence is in the form of documentation, please identify and describe each document and please provide the name, address and title/position of the person or persons in possession of such documents;
>
> c. If the evidence is in the form of something other than testimony and documentation, please describe each piece of evidence and, if it is a tangible thing, the location of such evidence and the name, address and title/position of the person or persons in possession of such evidence.

46. With respect to the allegation that the Plaintiff "gave Stratoflex notice of the claim by ROKAF and of its negotiations with ROKAF [and despite] Stratoflex being repeatedly offered the opportunity to assume responsibility for the settlement negotiations or the defense of the claim, Stratoflex declined", as alleged in Count 1, Paragraph 32 of the Complaint, please identify any and all evidence in the Plaintiff's possession, knowledge and control of such allegation.

   a. If such evidence is in the form of testimony, please provide the name, address and title/position of every individual who intends to offer such testimony;

   b. If the evidence is in the form of documentation, please identify and describe each document and please provide the name, address and title/position of the person or persons in possession of such documents;

   c. If the evidence is in the form of something other than testimony and documentation, please describe each piece of evidence and, if it is a tangible thing, the location of such evidence and the name, address and title/position of the person or persons in possession of such evidence.

47. Please identify all experts whom the Plaintiff intents to call to provide expert testimony in this matter, providing the expert's name, address and area of expertise. With respect to each such expert, please further provide the following:

   a. The date on which said expert was retained;

   b. A description of any report or document prepared by or on behalf of the expert containing a complete statement of all opinions to be expressed and the basis and reasons therefore;

   c. The data or other information considered by the witness in forming the opinions;

   d. Any exhibits to be used as a summary of or support for the opinion;

   e. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years;

   f. The compensation to be paid for the study and testimony; and

   g. A listing of any other cases in which the witness has testified as an expert at

11

trial or by deposition within the preceding four (4) years.

B. **BY WAY OF REQUESTS FOR PRODUCTION:**

    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant, Parker Hannifin Corporation, propounds the following Requests for Production. The Defendant requests that the Plaintiff provide copies of the requested documents and other items set forth herein, by forwarding same to the offices of Kern & Wooley, LLP, 280 Trumbull Street, Hartford, CT, 06103.

1. All documents and other tangible things identified in response to Interrogatory 4.

2. All engineered drawings, specifications and revisions identified in response to Interrogatory 5.

3. All documents and other tangible things identified in response to Interrogatory 7.

4. All documents and other tangible things identified in response to Interrogatory 9.

5. All contracts/agreements identified in response to Interrogatory 10.

6. All documents and other tangible things (other than contracts/agreements) identified in response to Interrogatory 11.

7. All shipping documents identified in response to Interrogatory 13.

8. All contracts/agreements identified in response to Interrogatory 14.

9. All contracts/agreements identified in response to Interrogatory 16.

10. All documents and other tangible things identified in response to Interrogatory 18.

11. All documents and other tangible things identified in response to Interrogatory 20.

12. All documents and other tangible things identified in response to Interrogatory 23.

13. All documents and other tangible things identified in response to Interrogatory 24.

14. Copies of all lawsuits and other legal papers relative to those legal actions identified in Response to Interrogatory 26.

15. All documents and other tangible things identified in response to Interrogatory 29.

16. All documents and other tangible things identified in response to Interrogatory 32.

17. All investigative reports, tests, studies, and correspondence relative to any incidents/accidents identified in response to Interrogatories 33 and 34.

18. Copies of any lawsuits, claims, correspondence or related legal papers relative to any claim/lawsuit/demand identified in response to Interrogatories 33(e-g) and 34(e-g).

19. All documents and other tangible things identified in response to Interrogatory 37.

20. All documents and other tangible things utilized by the Plaintiff in describing and itemizing those damages identified in response to Interrogatory 39.

21. All documents and other tangible things identified in response to Interrogatory 41.

22. All correspondence between the Plaintiff and the Plaintiff's customers identified in response to Interrogatory 42, relative to each customer's declination of participation in the retrofitting program to which the Plaintiff refers in its complaint.

23. All documentary and other tangible evidence identified in response to

Interrogatories 44 – 46.

24. All reports, correspondence and other documentation prepared by or on behalf of experts identified by the Plaintiff in response to Interrogatory 47.

25. All documentation and other tangible things relative to compensation paid to those experts identified to the Plaintiff in Interrogatory 47.

THE DEFENDANT,
PARKER HANNIFIN CORPORATION

By: _____
Mark R. Giuliani
CT Federal Bar No. CT16024
KERN AND WOOLEY, LLP
280 Trumbull Street
Hartford, CT 06103
860-246-9700

Robert M. Kern
CT Federal Bar No. CT25058
David C. McGovern
CT Federal Bar No. CT25059
KERN AND WOOLEY, LLP
10900 Wilshire Blvd., 11th Floor
Los Angeles, CA 90024
310-824-1777

Attorneys for Defendant,
Parker Hannifin Corporation

Dated: December 10, 2003

## CERTIFICATION OF SERVICE

This is to certify that on December 10th, 2003, a copy of the foregoing **Defendant's First Set of Interrogatories and Requests for Production** were sent via Certified Mail, Return Receipt Requested, to the following recipients:

<u>Attorneys for Plaintiffs:</u>
Charles W. Fortune, Esq.
David M. Bizar, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

_____
Mark R. Giuliani

F:\Stratoflex - UTC\Discovery\Interrogatories & Req Production.#1.wpd